ROBERT R. MOORE (BAR NO. 113818)
MICHAEL J. BETZ (BAR NO. 196228)
ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516
E-Mail: rmoore@allenmatkins.com
        mbetz@allenmatkins.com

Attorneys for Defendant
JOHN KONTRABECKI

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CENTRAL EUROPEAN INDUSTRIAL DEVELOPMENT COMPANY, LLC dba CEIDCO,<br><br>Debtor,<br><br>THE KONTRABECKI GROUP LP,<br><br>Debtor.<br><br>ARON M. OLINER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN KONTRABECKI, et al.,<br><br>Defendants. | Bk No. 02-30419-11-DM<br><br>Chapter 11<br><br>Adv. No. 03-3264 DM<br><br>Bk. No. 02-30421-11-DM<br>Chapter Number: 11<br><br>[Administratively Consolidated]<br><br>**DECLARATION OF MICHAEL J. BETZ IN SUPPORT OF DEFENDANT JOHN KONTRABECKI'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR SANCTIONS AGAINST PLAINTIFFS TERMINATING THE ADVERSARY PROCEEDINGS**<br><br>Date: December 18, 2009<br>Time: 2:30 p.m.<br>Dept: Courtroom 22<br>Judge: Hon. Dennis J. Montali |

I, Michael J. Betz, Esq., declare:

1. I am an attorney at law, duly licensed to practice before all the Courts of the State of California. I am a partner at the law firm of Allen Matkins Leck Gamble, Mallory & Natsis, attorneys of record for Defendant John Kontrabecki, in this action. If called as a witness, I could and would testify competently to the matters set forth in this declaration, except for those matters stated upon information and belief, and as for those matters, I believe them to be true.

2. Attached hereto as **"Exhibit A"** is a true and correct copy of relevant excerpts from the June 30, 2009, deposition of Paul Riehle, Esq.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of December, 2009, at San Francisco, California.

/s/ Michael J. Betz
MICHAEL J. BETZ

# EXHIBIT A

```
1           UNITED STATES BANKRUPTCY COURT
2           NORTHERN DISTRICT OF CALIFORNIA
3                      --oOo--
4   In re:                  ) Bk. No. 02-30419-11-DM
    CENTRAL EUROPEAN INDUSTRIAL  ) Chapter Number: 11
5   DEVELOPMENT COMPANY, LLC     )
    dba CEIDCO,                  )
6                                )
           Debtor,                )
7   _____)
    In re:                  ) Bk. No. 02-30421-11-DM
8   THE KONTRABECKI GROUP LP,    ) Chapter Number: 11
                                 )
9          Debtor,                )
    _____)
10  ARON M. OLINER, et al.,      )
                                 )
11         Plaintiffs,            )
                                 )
12      vs.                      ) Adv. Proc.
                                 ) No. 03-3264 DM
13  JOHN KONTRABECKI, et al.,    )
                                 )
14         Defendants.            )
    _____)
15
16
17              DEPOSITION OF
18              PAUL RIEHLE
19  _____
20        Tuesday, June 30, 2009
21
22
23  REPORTED BY: CYNTHIA A. PACINI, CSR #6117, RMR, CRR
24  (01-420768)
25
```

1  WDC and OBC to meet debt service come up during the call

2  on the 10th to meet RZB debt service come up, if it did?

3      A. I think it did. I think the notion was that

4  the recapitalization may have been required under Polish

5  law according to Polish bankruptcy lawyers because the

6  first mortgage was due and they didn't have the funds to

7  pay the first mortgage, is my recollection.

8      Q. That's what he told you?

9      A. I believe -- yes.

10     Q. A recapitalization was required or that money

11 was needed for OBC to be compliant?

12     A. I don't recall. I do recall that the notion

13 of funds coming into the company through

14 recapitalization was something that the Polish

15 bankruptcy lawyers had approved.

16     Q. Approved as what?

17     A. As sound, a good idea, compared to my view

18 that it was a bad idea.

19     Q. Good idea from what perspective, do you know?

20     A. I don't know. I don't know. I don't recall.

21     Q. Was one of the concepts that had been explored

22 the filing of US bankruptcies for WDC and OBC at or

23 around that time?

24     A. I can't remember when -- I think that subject

25 did come up at some point, but I can't remember when.

1   A. Can you read that back?

2   Q. Did she ever explain to you what made it okay

3   at any time prior to February 11, if you recall?

4   A. I can't -- I can't remember. I can't -- I'm

5   trying to distinguish between conversations I had with

6   Mr. Kontrabecki, and I know that I've had conversations

7   with Ms. Chipser. I'm just trying to bracket the

8   conversations and separate them out, and I'm not sure

9   that I can.

10  Q. So you don't know -- just to be fair about

11  characterizing -- you don't know whether you, in fact,

12  had conversations with Ms. Chipser about her rationale

13  under bankruptcy law as to why this recap was okay or

14  not, meaning you don't know whether you had them or

15  can't recall; you just don't know which it is?

16  A. I'd have to review my prior testimony. My

17  guess is that I -- that, you know, this is reflected

18  there.

19  Q. It isn't, I don't think. I don't think it

20  was.

21  MR. MOORE: I think it is. He's been asked

22  all these questions before.

23  THE WITNESS: I will say that the

24  recapitalization came up on the call on the 13th. There

25  were three bankruptcy lawyers there, and I said that I

1    CERTIFICATE OF REPORTER

2        I, CYNTHIA A. PACINI, a Certified Shorthand

3    Reporter, hereby certify that the witness in the

4    foregoing deposition was by me duly sworn to tell the

5    truth, the whole truth, and nothing but the truth in the

6    within-entitled cause;

7        That said deposition was taken in shorthand by

8    me, a disinterested person, at the time and place

9    therein stated, and that the testimony of the said

10   witness was thereafter reduced to typewriting, by

11   computer, under my direction and supervision;

12       That before completion of the deposition,

13   review of the transcript [ X ]was [ ]was not requested.

14   If requested, any changes made by the deponent (and

15   provided to the reporter) during the period allowed are

16   appended hereto.

17       I further certify that I am not of counsel or

18   attorney for either or any of the parties to the said

19   deposition, nor in any way interested in the event of

20   this cause, and that I am not related to any of the

21   parties thereto.

22       DATED: _____, 2009

23

24       _____

         CYNTHIA A. PACINI, CSR No. 6117

25

1  July 7, 2009
2
   Mr. Paul Riehle
3  c/o Randall G. Block
   Sedgwick, Detert, Moran & Arnold
4  One Market Plaza, Steuart Tower, 8th Floor
   San Francisco, CA 94105
5
   Re: Oliner, et al., vs. Kontrabecki, et al.
6
   Dear Mr. Riehle:
7
   Please be advised that the original transcript of your
8  deposition taken June 30, 2009, in the above-entitled
   matter is available for reading and signing. The
9  original will be held at the offices of:
10     Merrill Legal Solutions
       135 Main Street, 4th Floor
11     San Francisco, California 94105
       (415)357-4300
12
   for thirty (30) days in accordance with the Federal
13 Rules of Civil Procedure, Section 30(e). If you do not
   sign your deposition within 30 days, it may be used as
14 fully as though signed.
15 If you are represented by counsel in this matter, you
   may wish to ask your attorney how to proceed. If you
16 are not represented by counsel and wish to review your
   transcript, please contact our office for a mutually
17 convenient appointment to review your deposition.
18 Thank you for your cooperation in this matter.
19 Sincerely,
20
   Cynthia A. Pacini, CSR No. 6117
21
   cc:  Original transcript
22      Mark S. Kaufman, Attorney At Law
        Robert R. Moore, Attorney At Law
23      Randall G. Block, Attorney at Law
24
25